```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION


Raymond Orrand, Administrator,:
et al.,
                              :

        Plaintiffs,            :

    v.                         :      Case No. 2:14-cv-02320

                              :       JUDGE ALGENON L. MARBLEY
Brown's Excavating, Inc.,             Magistrate Judge Kemp

        Defendant.             :
```

REPORT AND RECOMMENDATION

    This matter is before the Court on a motion for default judgment brought by plaintiffs Raymond Orrand, Administrator and the Trustees of the Ohio Operating Engineers Pension Plan, Ohio Operating Engineers Pension Fund, Ohio Operating Engineers Apprenticeship Fund, and Ohio Operating Engineers Education and Safety Fund.  Plaintiffs filed this action pursuant to a collective bargaining agreement, alleging that Brown's Excavating, Inc. has failed to comply with the fringe benefit contribution requirements of their agreement.  Plaintiffs completed certified mail service on November 20, 2014, but Brown's Excavating has not moved or pled in response to the complaint.  The Clerk entered default against Brown's Excavating on June 5, 2015.  For the following reasons, the Court will recommend that the motion for default judgment be granted.

    Plaintiffs have moved for default judgment under Rule 55(b)(1).  That Rule provides that a judgment by default may be entered when the claim is for a sum certain or for a sum which can be made certain by computation.  Sum certains are sums that can be calculated from the terms of a written document such as a contract.  Ironworkers Dist. Council of Southern Ohio v.

<u>Reinforcing Services Co., LLC</u>, 2009 WL 4154905, *2 (S.D Ohio Nov. 20, 2009).

Here, it is undisputed that Brown's Excavating entered into agreements with the plaintiffs obligating it to make employer contributions pursuant to those agreements.  Further, it is undisputed that Brown's Excavating has failed to make certain contributions or pay interest as required.  Finally, the plaintiff funds are multi-employee benefit plans within the meaning of ERISA, 29 U.S.C. §1145.

Section 1145 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall, to the extent and not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

ERISA, 29 U.S.C. 1132(g) provides:

(2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C)  an amount equal to the greater of–
    (i) interest on the unpaid contributions, or
    (ii) liquidated damages provided under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

In this case, plaintiffs have submitted the affidavit of Raymond Orrand, fund administrator, stating that, upon his review of the relevant employer monthly reports and Trustees' field auditor's report, he has determined that Brown's Excavating has failed to make timely contributions in the amount of $14,074.90 for the audit period February 1, 2013 to September 1, 2014. Further, Mr. Orrand states that, under the terms of their agreement, Brown's Excavating has accumulated interest charges in the amount of $1,806.50 calculated to December 15, 2014, plus $6.95 per day thereafter, as long as the judgment remains unpaid and that it has accumulated additional interest in the same amount under 29 U.S.C. §1132(g).

The Court is satisfied that judgment in this amount is a sum which can be made certain by computation, and that Brown's Excavating has failed to move or plead in response to the complaint. Consequently, it will be recommended that the motion for default judgment be granted.

For the reasons stated above, the Court recommends that the motion for default judgment (Doc. 6) be granted and that the Clerk enter judgment in favor of the plaintiffs and against Brown's Excavating, Inc. as follows:

1. Audit finding/delinquent contributions for the period November 1, 2013 to September 1, 2104 in the amount of $14,074.90;

2. Interest in the amount of $1,806.50 calculated to December 15, 2014, plus $6.95 per day thereafter as long as the judgment remains unpaid;

3. Statutory interest in the amount of $1,806.50 calculated to December 15, 2014, plus $6.95 per day thereafter as long as the judgment remains unpaid;

4. Court costs in the amount of $400.00.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that

party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

　　　The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See _Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 F.2d 947 (6th Cir.1981).
.

　　　　　　　　　　　　　　　　　　/s/ Terence P. Kemp
　　　　　　　　　　　　　　　　　　United States Magistrate Judge